IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | NO. 3:13-cr-00048 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| | ) | |
| CHARLES WARD, JR. | ) | |

**MEMORANDUM OPINION**

Pending before the Court is Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 81, "Motion"),[1] filed *pro se* on December 8, 2021.

On April 26, 2020, Defendant filed a motion for compassionate release asserting that the COVID-19 pandemic, and his heightened risk of severe complications based on his age and underlying medical conditions, constituted an extraordinary and compelling reason to justify a reduction of his sentence. (Doc. No. 63). He also argued that the 18 U.S.C. § 3553(a) factors supported a reduction of his sentence, citing (1) his statistically low risk of recidivism based on his age, and (2) his performance in prison, where he was described in a recent progress report as a "model inmate" and had completed his GED, earned positive work reviews, served as a mentor to younger inmates, and received no disciplinary actions. (*Id*. at 12-13).

On June 25, 2020, this Court denied Defendant's motion for compassionate release. (Doc. No. 75). The Court declined to decide whether Defendant had met his burden to demonstrate

---

[1] Such motions are also known as ones for "compassionate release"; thus, the Court refers to both "compassionate release" and "sentence modification" throughout this opinion when referring to Defendant's requested relief. *See United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at n.2 (D. Utah Feb. 18, 2020) ("In this order, the court uses the phrase 'compassionate release' and 'sentence modification' interchangeably, which is consistent with how other courts have used the terms."); *United States v. McDonald*, No. 94-CR-20256-1, 2020 WL 3166741, at *1 (W.D. Tenn. June 8, 2020).

extraordinary and compelling reasons, determining that even if Defendant had met his burden, he was not eligible for compassionate release after an examination of the Section 3553(a) factors. (*Id.*). On September 29, 2020, the Sixth Circuit affirmed this Court's ruling, finding that this Court did not abuse its discretion by concluding that the Section 3553(a) factors weighed against reducing Defendant's sentence. *United States v. Ward*, 823 F. App'x 418 (6th Cir. 2020).

In Defendant's newly filed Motion, he offers no reason (such as a drastic deterioration of his health) that would require this Court to change its prior conclusion. Defendant relies on his positive performance and good behavior while in prison. While the Court commends such behavior, the Court has already considered Defendant's good behavior while incarcerated when reviewing Defendant's prior motion for compassionate release. The only changed circumstance since the filing of Defendant's original motion for compassionate release is that Defendant has served another year and a half in prison. But this additional time served does not change the Court's prior conclusion, especially since Defendant still has substantial time left to serve, and that his compassionate release poses almost as great a risk of an unwarranted sentencing disparity as it did year and a half ago. (Doc. No. 75 at 17-18).[2]

Moreover, in light of recent Sixth Circuit precedent, the Court also finds that Defendant has failed to demonstrate extraordinary and compelling reasons for his release. To grant Defendant's Motion, the Court would have to determine that "extraordinary and compelling reasons" exist for Defendant's compassionate release (in addition to finding that the Section 3553(a) factors weighed in favor of a sentence reduction). Defendant bears the burden to show that extraordinary and compelling reasons exist warranting his release. *United States v. Shabudin*, 445 F. Supp. 3d 212, 214 (N.D. Cal. May 12, 2020); *United States v. Crouch*, No. 5:19-CR-00029-

---

[2] According to BOP, Defendant's release date is February 19, 2031. *See Federal Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed Dec. 8, 2021).

TBR, 2020 WL 1963781, at *3 (W.D. Ky. Apr. 23, 2020) ("[Defendant's] circumstances do not meet the burden of extraordinary and compelling."). The Court is not bound by the reasons listed in policy statement § 1B1.13 in defining what reasons are "extraordinary and compelling." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

That is not to say that the Court's discretion to find "extraordinary and compelling reasons" is boundless, however. The Sixth Circuit recently held that a defendant's access to the COVID-19 vaccine while incarcerated forecloses a finding of extraordinary and compelling reasons based on a defendant's underlying health conditions, unless the defendant can advance a "compelling reason" justifying the defendant's failure to be vaccinated. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). The court explained:

> We need not debate the medical implications of Lemons's [health] condition. For even recognizing the purported seriousness of his condition, the fact remains that, as Lemons acknowledges, the COVID-19 vaccine is available to him in prison. . . .
>
> Lemons's access to the COVID-19 vaccine substantially undermines his request for a sentence reduction. To that end, we agree with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (Easterbrook, J.). After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated. To be sure, inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes). But to the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19.

*Id.*; *see also United States v. Traylor*, ---F.4th---, 2021 WL 5045703, at *1 (6th Cir. Nov. 1, 2021) (reaffirming *Lemons* and finding that although the defendant's medical conditions were serious, he had access to the COVID-19 vaccine, and therefore his incarceration during the COVID-19 pandemic did not present an extraordinary and compelling reason for a sentence reduction). The

3

Sixth Circuit further explained that if "an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification." *Id*.; *see also United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (citing *Lemons* and finding that the district court abused its discretion when the district court granted compassionate release to an inmate who had been fully vaccinated). Thus, given the wide availability of the COVID-19 vaccine, *Lemons* forecloses a substantial portion of inmates' arguments that their underlying health conditions combined with the COVID-19 pandemic constitute extraordinary and compelling reasons for release.

Defendant does not indicate his COVID-19 vaccination status in his Motion. However, COVID-19 vaccines are available to all federal prisoners, including Defendant. *See, e.g., Oversight of the Federal Bureau of Prisons: Hearing Before the S. Comm. on the Judiciary*, 117 Cong. (2021) (statement of Michael D. Carvajal, Dir. Fed. Bureau of Prisons), https://www.judiciary.senate.gov/meetings/04/08/2021/oversight-of-the-federal-bureau-of-prisons (last accessed December 8, 2021). Defendant is incarcerated at Yazoo City FCC. According to BOP records, at Yazoo City FCC, 2,684 inmates and 454 staff members have been fully vaccinated. *See COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed December 8, 2021). Defendant's access to the COVID-19 vaccine while incarcerated forecloses a finding of extraordinary and compelling reasons based on his underlying health conditions, and if Defendant is not vaccinated, he has failed to advance a "compelling reason" justifying such a failure to be vaccinated, by failing to address the vaccine at all in his Motion. *See Lemons*, 15 F.4th at 751.

4

## CONCLUSION

For each of the two alternative reasons set forth above, Defendant's Motion (Doc. No. 81) will be DENIED. An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

5

Case 3:13-cr-00048   Document 82   Filed 12/22/21   Page 5 of 5 PageID #: 1289